FILED

2019 OCT 29  AM 11: 47

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT
## OF GUAM

|  |  |
|---|---|
| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>ALFONSO FRANCISCO ESCAMILLA,<br><br>Deceased. | Probate Case No. PR0131-13<br><br><br><br>**DECISION & ORDER** |

### INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on a Petition for Order that Estate Property be Partitioned by Sale in the Estate of Alfonso Francisco Escamilla filed on March, 8, 2019. Attorney Georgette Bello Conception represents heirs Lenora McGeough, Rosalina Wirkkumen, Jacqueline Yu, and Benedict Reyes ("Remaining Heirs"). Attorney Jacqueline Terlaje represents heirs Lawrence P. Escamilla, Andrew Escamilla, Alfonso J. Escamilla, Giana Escamilla, Gemma Babauta, Patrick Escamilla, Julia McDonald, Lorena Cabrilo, Joanna McDonald, and Brianna McDonald ("Majority Heirs"). Having reviewed the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order **GRANTING** the Remaining Heirs petition.

## BACKGROUND

This matter involves two properties ("Properties") that are owned in their entirety by the Estate. The Properties are: (1) Lot No. 7-1, Tract 1141, Dededo, Guam and (2) Lot No. 3, Block 8, Tract 255, Unit 1, Mongmong-Toto-Maite (formerly of Sinajana), Guam. The Estate has a total of seventeen (17) heirs, including a trust known as the Christian Endo Supplemental Special Needs Trust.

On March 8, 2019, the Remaining Heirs filed a petition with the Court requesting that the Court order the Properties to be sold and the proceeds be distributed equally amongst the seventeen (17) heirs, less costs of administration and any advancement taken by any of the seventeen (17) heirs. Majority Heirs Julia McDonald, Lorena Cabrilo, Joanna McDonald, and Brianna McDonald ("McDonald Clan") have quitclaimed their interests in the Properties to fellow Majority Heirs Lawrence Escamilla, Andrew Escamilla, Alfonso Escamilla, Gemma Babauta, and Patrick Escamilla ("Escamilla Clan").

On May 31, 2019, the Majority Heirs filed their opposition. In their opposition, the Majority Heirs consent and agree that the Properties should not be sold but instead be distributed in undivided interests to the Escamilla Clan.

## ISSUES

Whether the Court should order the sale of the Properties.

## FACTS

1. Alfonso Francisco Escamilla passed away on July 7, 2013. He left a will that was submitted to the Court on September 26, 2013 and a codicil to that will which was submitted to the Court on October 4, 2013.

2. The codicil contained a residuary clause through which Alonso devised the residue of his estate to the following beneficiaries in equal shares: Lawrence Escamilla, Lenora E. McGeough, Rosalina Escamilla Wirkkunen, Julia Escamilla McDonald, Carmen Anne Escamilla McGeough, Brendan J. McGeough, Benedict J. Escamilla Reyes, Jacqueline Escamilla Reyes Yu, Rena B. Escamilla McDonald, Joanna R. Escamilla McDonald, Brianna A. Escamilla McDonald, Alfonso J. Marston Escamilla, Patrick Lawrence Marston Escamilla, Andrew Steven Marston Escamilla, Gemma Rose Marston Escamilla, Gianna Marie Marston Escamilla, and "The Christian Endo Supplemental Special Needs Trust."

3. Part of Alfonso's residuary estate is the Properties to which all the seventeen (17) heirs are to receive an equal share.

4. The seventeen (17) heirs have not reached a settlement agreement as to how the Properties should be divided amongst themselves while remaining in compliance with Alfonso's instructions that his Estate be distributed to his heirs in equal shares, share and share alike.

5. The Remaining Heirs desire the Properties to be sold, arguing the Properties cannot be distributed in equal because they are not large enough to physically subdivide due to the total amount of heirs.

6. While they do not dispute the Remaining Heirs argument that the Properties are not large enough to subdivide into equal shares, the Majority Heirs claim that the sale of the Properties is unnecessary because the Escamilla Clan has consented to receiving an undivided share in the Properties from the McDonald Clan.

## PRINCIPLES OF LAW

Guam law states that when two or more heirs or devisees are entitled to an undivided interest in real property cannot agree on how the real property should be divided, any one of the heirs or devisees may petition the Court to partition the property by sale and the Court will avoid the distribution of undivided interests. 15 G.C.A. § 2911. If partitioning the property cannot be made without great prejudice to the owners, the Court may order the property to be sold and the proceeds distributed equally amongst the owners. *See* 7 G.C.A. § 24412.

## ANALYSIS

Since a partition sale results in the conversion of real estate into money, possibly against the will of an owner, it should not be ordered unless the necessity for it is clearly established. *White v. Tillotson*, 256 Wis. 574, 42 N.W.2d 283 (1950). The burden of proof to establish the necessity for a partition by sale, rather than a partition in kind, is on the party alleging the necessity and advisability of such sale. *Carden v. Vanderslice*, 336 So. 2d 1082 (Ala. 1976); *Butte Creek Island Ranch v. Crim*, 136 Cal. App. 3d 360, 186 Cal. Rptr. 252 (3d Dist. 1982); *Borzenski v. Estate of Stakum*, 195 Conn. 368, 489 A.2d 341 (1985); *McKenzie Banking Co. v. Couch*, 332 S.W.3d 349 (Tenn. Ct. App. 2010).

The Majority Heirs argue that because the Escamilla Clan consents to receiving an undivided share in the Property from the McDonald Clan, the sale of the Properties is not required by 15 G.C.A. § 2917.

> The Superior Court, at the hearing provided for in Section 2915 of this Title, shall proceed to take evidence and to partition, allot, and divide the property so that each party shall receive property of a value proportionate to his interest in the whole, and for that purpose the Superior Court may direct the personal representative to sell any property which cannot be partitioned without great prejudice to the owners and which cannot conveniently be allotted to any one party. The sale shall be conducted and confirmed in the same manner as other interests. Any two or more parties may agree to accept undivided interests.

15 G.C.A. § 2917

The Court disagrees with the Majority Heirs application of 15 G.C.A. § 2917 to the matter at hand. The Court finds that while 15 G.C.A. § 2917 allows two or more parties to accept undivided interests, the acceptance of those undivided interests does not make the sale of the property unnecessary. Therefore, the Court must look at the bona fide consequences for a sale of the Properties. In order to appropriately determine such consequences, the Court must look at the appraised values of the Properties along with its area. However, because it is undisputed that the area of the Properties is not large enough to subdivide amongst the heirs, the Court will assume that is the case.

Based on the Second Amended Inventory and Appraisement, dated March 6, 2019, the total appraised value of the MTM property is $253,500.00 and the Dededo property is $80,000.00. Therefore, the total appraised value of the Properties is $333,500.00. There are a total of seventeen (17) heirs to the Properties. Out of the seventeen (17) heirs, the four (4) members of the McDonald Clan have quitclaimed their interest in the Properties to the six (6) members of the Escamilla Clan, in equal shares. As a result, each of the Remaining Heirs and the Christian Endo Foundation, are entitled a $1/17^{th}$ undivided interest in the sale proceeds of the Properties, less costs of administration and any advancement taken by any respective heir. Each member of the Escamilla Clan are now entitled to a $5/51^{th}$ undivided interest in the Properties and are entitled to the sale proceeds of the Properties in the same manner as the Remaining Heirs. As such, no matter what the Properties are sold for, the Escamilla Clan will be entitled to a share in the sale proceeds that exceed the Remaining Heirs share. Furthermore, should the Court order the Properties to be sold, nothing will preclude any or all of the members of the Escamilla Clan from making an offer to the Remaining Heirs to acquire the Properties.

Therefore, the Court finds that Remaining Heirs have met their burden by proving to the Court that the Properties cannot be partitioned without great prejudice nor can it be conveniently allotted to one party. Because it is undisputed that the Properties are not large enough to subdivide in a manner that would maximize the efficiency and economical use of the Properties, the Court finds that a partition of sale is in the benefit, advantage, and best interest of the Escamilla Estate and its heirs. Furthermore, based on the value of the Properties, each of the heirs, particularly the Escamilla Clan, will greatly benefit financially upon the sale of the Properties.

## CONCLUSION

Based on the foregoing reasons, the Court hereby GRANTS the Remaining Heirs petition and orders the Executrix of the Estate to sell the Properties.

SO ORDERED, this _____ day of _____ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
- Atty George the Concepcion
- Atty Jacqueline Terlaje & Atty Cynthia Ecube
Date: 10/24 Time: 12:00 p
**Linda M. Perez**
Deputy Clerk, Superior Court of Guam